1   MICHELLE B. HEVERLY, Bar No. 178660
    mheverly@littler.com
2   TODD K. BOYER, Bar No. 203132
    tboyer@littler.com
3   KARIN M. COGBILL, Bar No. 244606
    kcogbill@littler.com
4   LITTLER MENDELSON
    A Professional Corporation
5   50 W. San Fernando, 15th Floor
    San Jose, CA 95113.2303
6   Telephone:    408.998.4150
    Fax No.:      408.288.5686
7
    Attorneys for Defendant
8   MONEYGRAM PAYMENT SYSTEMS, INC.

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                       OAKLAND DIVISION

13  RYAN M. GILBERT,                    C09-01640 SC

14              Plaintiff,              NOTICE OF REMOVAL BY DEFENDANT
                                        MONEYGRAM PAYMENT SYSTEMS,
15         v.                           INC. PURSUANT TO 28 U.S.C. §§ 1441,
                                        1446 AND 1332 (DIVERSITY)
16  MONEYGRAM PAYMENT SYSTEMS,
    INC. and DOES 1-35, Inclusive,      Complaint Filed: March 12, 2009
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

*ORIGINAL FILED APR 14 2009 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that Defendant MoneyGram Payment Systems, Inc.

3    ("Defendant") hereby removes the action entitled *Gilbert v. MoneyGram Payment Systems, Inc., et*

4    *al.,* Case No. RG09441037, from the Superior Court of the State of California, County of Alameda,

5    to the United States District Court for the Northern District of California.

6    **I.    GENERAL INFORMATION**

7          1.    On March 12, 2009, an action entitled *Gilbert v. MoneyGram Payment Systems, Inc.,*

8    *et al.,*, was filed in the Superior Court of the State of California, County of Alameda, Case No.

9    RG09441037 (hereinafter the "Complaint"). In the Complaint, Plaintiff asserts two causes of action:

10   (1) breach of contract, and (2) common count for an open book account. A true and correct copy of

11   the Summons and Complaint from the Superior Court of the State of California, County of Alameda

12   is attached hereto as Exhibit A.

13         2.    Defendant was served with the Complaint on March 17, 2009, via personal service.

14         3.    On April 9 2009, Defendant filed a General Denial to Plaintiff's Complaint pursuant to

15   Cal. Code of Civ. Proc. § 431.30 in the Alameda County Superior Court. A true and correct copy of

16   Defendant's General Denial to Plaintiff's Complaint is attached hereto as Exhibit B.

17         4.    Defendant MoneyGram Payment Systems is the only defendant named in the

18   Complaint.

19         5.    This Notice to Federal Court of Removal of Civil Action is timely in that it is filed

20   within thirty days of March 17, 2009, the date Defendant was served with Plaintiff's Complaint.

21   Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Brown v. Demco, Inc.,

22   792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from the date served

23   with the original complaint); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1229

24   (C.D. Cal. 2000) (same).

25         6.    The action is pending in Alameda County Superior Court. Venue properly lies in the

26   United States District Court for the Northern District of California pursuant to 28 U.S.C. sections

27   84(a) and 1391(a).

28

2.

7.  Intradistrict Assignment. All civil actions arising in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo, or Sonoma shall be assigned to the San Francisco Division or the Oakland Division. See L.R. 3-2(e). Plaintiff filed this case in Alameda County, thus assignment in the Oakland Division is appropriate.

## II.  DIVERSITY JURISDICTION EXISTS

8.  This Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332 and this diversity action may be removed to this Court under 18 U.S.C. §§ 1441 and 1446. "Any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

### A.  Action Between Citizens of Different States

9.  Defendant is informed and believes that Plaintiff Ryan M. Gilbert was at the time of commencing this action, and still is, a citizen of the State of California.

10.  At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Delaware and maintaining its principal place of business in the State of Minnesota. Thus, for purposes of determining diversity jurisdiction, Defendant is not a citizen of the State of California. 28 U.S.C. § 1332 (c)(1).

11.  Defendants designated as DOES 1 through 35 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The Doe defendants, therefore, need not consent to this removal.

12.  This civil action, therefore, is an action between citizens of different States since Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Minnesota.

### B.  Amount In Controversy

13.  The amount in controversy in this case exceeds $75,000, excluding interest and costs. A defendant can establish the amount in controversy by the allegations in a complaint, or by setting

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

1  forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than

2  not" exceeds $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996);

3  Guas v. Miles, Inc., 980 F. 2d 564, 576 (9th Cir. 1992).  The District Court may consider whether it

4  is facially apparent from the Complaint that the jurisdictional amount is met.  Singer v. State Farm

5  Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident &

6  Indemnity Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

7      14.    As evidenced by Plaintiff's prayer for relief, Plaintiff seeks to recover damages in the

8  amount of $350,000 or more, plus interest.  *See* Complaint at ¶10.  As such, the amount in

9  controversy for Plaintiff's claims easily exceeds the $75,000 jurisdiction requirement.

10  **III.   NOTICE TO PLAINTIFF AND SUPERIOR COURT**

11      15.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with

12  the clerk of the Superior Court of California, County of Alameda.

13      16.    Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice to Plaintiff of

14  this removal.

15  **IV.   CONCLUSION**

16      WHEREFORE, Defendant MoneyGram Payment Systems, Inc. removes the action now

17  pending against it in the Superior Court of the State of California, County of Alameda, to this

18  Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

19  Dated: April 14, 2009

20

21

22  KARIN M. COGBILL
    LITTLER MENDELSON

23  A Professional Corporation
    Attorneys for Defendant

24  MONEYGRAM PAYMENT SYSTEMS, INC.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

4.

NOTICE TO PLAINTIFF OF REMOVAL

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

|  |  |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> MoneyGram Payment Systems, Inc. and Does 1-35, Inclusive <br><br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> Ryan M. Gilbert | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **FILED BY FAX** <br> ALAMEDA COUNTY <br><br> March 12, 2009 <br><br> CLERK OF <br> THE SUPERIOR COURT <br> By Rosanne Case, Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Alameda County Superior Court <br> Unlimited Civil Jurisdiction <br> 1225 Fallon Street <br> Oakland, CA 94612 | CASE NUMBER: <br> *(Número del Caso):* <br> RG09441037 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Herschel Bornstein (SBN 163392)
Bornstein & Bornstein
507 Polk Street, Suite 320
San Francisco, CA 94102-3339

Telephone: (415) 409-7611
Facsimile: (415) 409-9345

| DATE: March 12, 2009 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MoneyGram Payment Systems, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004]

**SUMMONS**



Legal Solutions ℗ Plus

Code of Civil Procedure §§ 412.20, 465

**PLD-C-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jonathan Herschel Bornstein (SBN 163392)<br>Kathryn Quetel (SBN 167100)<br>Bornstein & Bornstein<br>507 Polk Street, Suite 320<br>San Francisco, CA 94105-3339<br>TELEPHONE NO. (415) 409-7611  FAX NO. *(Optional)* (415) 409-9345<br>E-MAIL ADDRESS *(Optional)*: jonathan@bornsteinandbornstein.com<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br>March 12, 2009<br>CLERK OF<br>THE SUPERIOR COURT<br>By Rosanne Case, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Unlimited Civil Jurisdiction | CASE NUMBER:<br>**RG09441037** |

| PLAINTIFF: Ryan M. Gilbert |
|---|
| DEFENDANT: MoneyGram Payment Systems, Inc. and Does 1-35, Inclusive |
| ⋮ DOES 1 TO |

| CONTRACT | CASE NUMBER: |
|---|---|
| X  COMPLAINT         ⋮ AMENDED COMPLAINT *(Number)*:<br>CROSS-COMPLAINT  ⋮ AMENDED CROSS-COMPLAINT *(Number)*: | |
| Jurisdiction *(check all that apply)*:<br>   **ACTION IS A LIMITED CIVIL CASE**<br>   Amount demanded   ⋮ does not exceed $10,000<br>                             ⋮ exceeds $10,000, but does not exceed $25,000<br> X ⋮ **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)<br>   **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>   ⋮   ⋮ from limited to unlimited<br>   ⋮   ⋮ from unlimited to limited | |

1   Plaintiff *(name or names)*: Ryan M. Gilbert

alleges causes of action against defendant* *(name or names)*: MoneyGram Payment Systems, Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages:  -15-

3.  a.  Each plaintiff named above is a competent adult
              except plaintiff *(name)*:

              (1)       a corporation qualified to do business in California
              (2) ·     ⋮ an unincorporated entity *(describe)*:
              (3)       ⋮ other *(specify)*:

    b.     Plaintiff *(name)*:
         a.     has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

         b.     has complied with all licensing requirements as a licensed *(specify)*:

    c.     Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4.  a.  Each defendant named above is a natural person
        X ⋮ except defendant *(name)*: MoneyGram              ⌐ ⌐ except defendant *(name)*:
    Payment Systems, Inc.
        (1)     ⋮ a business organization, form unknown          (1) ⌐  ⌐ a business organization, form unknown
        (2) · X ⋮ a corporation                                   (2) ⌐___⌐ a corporation
        (3) ·   ⋮ an unincorporated entity *(describe)*:          (3) ⌐_ _⌐ an unincorporated entity *(describe)*:

        (4)     ⋮ a public entity *(describe)*:                   (4) ⌐___⌐ a public entity *(describe)*:

        (5) ·   ⋮ other *(specify)*:                              (5) ⌐_ ⌐ other *(specify)*:

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007]           **COMPLAINT—Contract**           Legal<br>Solutions<br>Plus           Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: Ryan M. Gilbert v. MoneyGram Payment Systems, Inc., et al. | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
   - (1) ' **X** ┊ Doe defendants *(specify Doe numbers):* <u>1-35</u>             were the agents or employees of the named defendants and acted within the scope of that agency or employment.
   - (2) ⸱ **X** ┊ Doe defendants *(specify Doe numbers):* <u>1-35</u>             are persons whose capacities are unknown to plaintiff.
   c. ⸱ ┊ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ' ┊ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ⸱ Plaintiff is required to comply with a claims statute, **and**
   a. ┊ ┊ has complied with applicable claims statutes, *or*
   b. ⸱ ┊ is excused from complying because *(specify):*

6. ⸱ This action is subject to ┊ ┊ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ' **X** ┊ a defendant entered into the contract here.
   b. ⸱ ┊ a defendant lived here when the contract was entered into.
   c. ┊ ┊ a defendant lives here now.
   d. ' **X** ┊ the contract was to be performed here.
   e. ┊ ┊ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ┊ ┊ real property that is the subject of this action is located here.
   g. ┊ ┊ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ┊ **X** ┊ Breach of Contract
   ┊ **X** ┊ Common Counts
   ┊ ┊ Other *(specify):*

9. ' **X** ┊ Other allegations:
   At all times relevant herein each of the defendants was the agent, servant, partner, officer, director or employee of each of the remaining defendants and was doing the acts and/or omissions herein complained of within the scope of his/her/its agency, partnership, retention and/or employment. In addition, that at all times relevant herein there existed such a unity and identity of interest between each individual defendant and business entity defendant that an adherence to the fiction of the separate existence of each would work a fraud upon plaintiff.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ⸱ **X** ┊ damages of: $ 350,000 or more
   b. ⸱ **X** ┊ interest on the damages
      (1) ┊ ┊ according to proof
      (2) ┊ **X** ┊ at the rate of *(specify):* 10.00     percent per year from *(date):* 7/31/2008
   c. ┊ ┊ attorney's fees
      (1) ┊ ┊ of: $ 0.00
      (2) ┊ ┊ according to proof.
   d. ┊ ┊ other *(specify):*

11. ┊ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 3/12/2009

Jonathan Herschel Bornstein (SBN 163392)
              (TYPE OR PRINT NAME)                                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)
                         *(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: Ryan M. Gilbert v. MoneyGram Payment Systems, Inc., et al. | CASE NUMBER: |
|---|---|

First _____        **CAUSE OF ACTION—Breach of Contract**
         (number)

ATTACHMENT TO ¦ **X** ¦ Complaint  ⌐_¬ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: Ryan M. Gilbert

alleges that on or about *(date)*:   MoneyGram Payment Systems, Inc.
a ¦ **X** ¦ written ¦ ¦ oral ⌐¯¬ other *(specify)*:
agreement was made between *(name parties to agreement)*: plaintiff and defendant.

¦ **X** ¦ A copy of the agreement is attached as Exhibit A, or
¦ ¦ The essential terms of the agreement ⌐_¬ are stated in Attachment BC-1  ¦ ¯¦ are as follows *(specify)*:

BC-2. On or about *(dates)*: 7/31/2008
defendant breached the agreement by ⌐_¬ the acts specified in Attachment BC-2 ¦ **X** ¦ the following acts
*(specify)*:  Upon plaintiff Gilbert terminating his employment with defendant MoneyGram Payment Systems, Inc., as provided under Paragraph 6(a) of the parties' September 11, 2007, Employment Agreement (attached as Exhibit A), defendant MoneyGram Payment Systems, Inc., failed to pay plaintiff Gilbert all moneys due and owing under said agreement, among other things.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
¦ ¦ as stated in Attachment BC-4  ¦ **X** ¦ as follows *(specify)*:   $350,000 or more, plus interest at the rate of 10.00 percent per annum from 7/31/2008, up to and including day of judgment.

BC-5. ¦ Plaintiff is entitled to attorney fees by an agreement or a statute
¦ ¦ of $
¦ ¦ according to proof.

BC-6. ¦ **X** ¦ Other: At all times relevant herein each of the defendants was the agent, servant, partner, officer, director or employee of each of the remaining defendants and was doing the acts and/or omissions herein complained of within the scope of his/her/its agency, partnership, retention and/or employment. In addition, that at all times relevant herein there existed such a unity and identity of interest between each individual defendant and business entity defendant that an adherence to the fiction of the separate existence of each would work a fraud upon plaintiffs.

Page   -3-
Page 1 of 1

**CAUSE OF ACTION—Breach of Contract**  Legal Solutions Plus   Code of Civil Procedure, § 425.12

PLD-C-001(2)

| SHORT TITLE: Ryan M. Gilbert v. MoneyGram Payment Systems, Inc., et al. | CASE NUMBER: |
|---|---|

<u>Second</u>_____ **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO : X    Complaint   | _ | Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Ryan M. Gilbert

alleges that defendant *(name):* MoneyGram Payment Systems, Inc.

became indebted to   | X | plaintiff   | _ | other *(name):*

a.  | X |  within the last four years
      (1) | X |  on an open book account for money due.
      (2) | X |  because an account was stated in writing by and between plaintiff and defendant in which it
          was agreed that defendant was indebted to plaintiff.

b.  | X |  within the last   | _ | two years   [X] four years
      (1) | |  | for money had and received by defendant for the use and benefit of plaintiff.
      (2) | X |  for work, labor, services and materials rendered at the special instance and request of defendant
          and for which defendant promised to pay plaintiff
          | X |  the sum of $ 350,000 or more
          | |  the reasonable value.
      (3) | |  for goods, wares, and merchandise sold and delivered to defendant and for which defendant
          promised to pay plaintiff
          | |  the sum of $
          | |  the reasonable value.
      (4) | |  for money lent by plaintiff to defendant at defendant's request.
      (5) | |  for money paid, laid out, and expended to or for defendant at defendant's special instance and
          request.
      (6) | |  other *(specify):*

CC-2. $ 350,000 or more          , which is the reasonable value, is due and unpaid despite plaintiff's demand,
     plus prejudgment interest  | _ |  according to proof  [X]  at the rate of 10.00_____ percent per year
     from *(date):* 7/31/2009

CC-3. | |  Plaintiff is entitled to attorney fees by an agreement or a statute
     | |  of $
     | |  according to proof.

CC-4. | X |  Other: At all times relevant herein each of the defendants was the agent, servant,
partner, officer, director or employee of each of the remaining defendants and was doing
the acts and/or omissions herein complained of within the scope of his/her/its agency,
partnership, retention and/or employment. In addition, that at all times relevant herein
there existed such a unity and identity of interest between each individual defendant and
business entity defendant that an adherence to the fiction of the separate existence of
each would work a fraud upon plaintiff.

Page ___4-___

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Legal
Solutions
℠ Plus

Code of Civil Procedure, § 425.12

*Execution Copy*

# PROPERTYBRIDGE, INC.

## EMPLOYMENT AGREEMENT

This Employment Agreement ("Agreement") is entered into this 12th day of September, 2007 by and between Project Oscar Acquisition, Inc., a wholly owned subsidiary of Parent (as defined below) ("Employer") and Ryan M. Gilbert ("Employee") and will become effective upon the closing of the transactions contemplated by that certain Agreement and Plan of Merger dated as of September 12, 2007 by and among Parent, Employer, PropertyBridge, Inc., a Delaware corporation, and the Stockholders' Representative (as defined therein) (the "Merger Agreement").

WHEREAS, MoneyGram Payment Systems, Inc., a Delaware corporation (together with its parent corporation, referred to herein as "Parent") is an international payment services company headquartered in Minneapolis, Minnesota that provides services such as money orders, money transfers, emergency bill payments, gift certificates, utility bill payments, official check services, electronic card payment services and ACH processing; and

WHEREAS, Employer seeks to employ Employee in the position of Vice President – PropertyBridge; and

WHEREAS, Employer and Employee wish to set forth the terms under which Employer will provide employment to Employee; and

WHEREAS, Employee has agreed to deliver to Employer this Agreement as one of the conditions to closing under the Merger Agreement.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, Employer and Employee agree as follows (with capitalized terms used, but not defined, herein, having the meanings ascribed to them in the Merger Agreement):

### AGREEMENT

1.    **Term of Employment.** Employee's employment with Employer will begin on the Closing Date (as defined in the Merger Agreement) and will continue through December 31, 2009 (the "Term of Employment"), unless earlier terminated in accordance with paragraph 5 or 6 of this Agreement. If Employee is still employed by Employer at the end of the Term of Employment, Employee's employment will convert to at-will employment unless Employer notifies Employee that his services are no longer required. In either case, at the end of the Term of Employment, Employer shall have no further obligations to Employee under this Agreement.

2.    **Duties of Employee.** Employer agrees to employ Employee in the capacity of Vice President – PropertyBridge and Employee agrees to accept employment with

4813-0400-8321v2

1


EXHIBIT A

*Execution Copy*

Employer as Vice President -- PropertyBridge, for the Term of Employment set forth in paragraph 1 above. Employee shall devote such attention and time as is necessary and appropriate to fulfill his duties as Vice President -- PropertyBridge and to perform the customary duties of this position as those duties may be reasonably modified by Employer at its discretion from time to time and, to the extent necessary to discharge the responsibilities assigned to him under this Agreement, use his reasonable best efforts to carry out such responsibilities diligently and efficiently. Employee will report initially to Parent's Vice President and General Manager, Payment Products. Employee agrees to follow all Parent and Employer policies, including but not limited to those set forth in Parent's Employee Guide, the Always Honest Compliance Manual and the Code of Ethics. Employee further agrees that during Employee's employment with Employer, Employee will not engage in any other business activity, regardless of whether such activity is pursued for profit, gain or other pecuniary advantage; provided, however, that Employee may (a) engage in such business activities as are approved in writing by Parent's Vice President and General Manager, Payment Products, and (b) engage in charitable activities and community affairs, and serve on a reasonable number of educational and civic boards, so long as those activities do not interfere with Employee's duties under this Agreement. Employee is not prohibited from making personal investments in any other businesses provided those investments do not require active involvement in the operation of said businesses.

3.      **Compensation and Benefits.** During Employee's Term of Employment with Employer pursuant to this Agreement, and subject to the employment termination provisions of paragraph 5 and 6 of this Agreement, Employer shall pay Employee the following compensation:

(a.) Base Salary. Employee shall receive an annual base salary of $170,000 minus applicable withholdings and deductions as required or permitted by law, payable on a bi-weekly basis according to Parent's payroll schedule. Employee's base salary will be reviewed annually during the Term of Employment, according to Parent's Performance Appraisal and Merit Increase policies.

(b.) Incentive Compensation. Effective on January 1, 2009, Employee shall be eligible to participate in the MoneyGram International, Inc. Management and Line of Business Incentive Plan, as amended and restated from time to time (or any successor plan) ("LOB Plan") at a target of twenty-five percent (25%) of actual base salary earnings. All LOB Plan payments, if any, will be subject to the terms and conditions of the LOB Plan.

(c.) Benefits. Employee shall be entitled to participate in any benefit programs that may be provided by Parent to its employees, in accordance with the provisions of any such plans, as the same may be in effect from time to time, provided that nothing herein shall require the adoption or maintenance of any such program. All benefits will be administered according to Parent's Summary Plan Descriptions relating to such benefit programs.

4813-0500-8321\3

2

(d.) <u>Vacation</u>. Employee shall be entitled to twenty (20) days of paid vacation and ten (10) paid holidays per year, which shall accrue subject to Parent's existing policies.

(e.) <u>Health Club Reimbursement</u>. Employer will reimburse Employee up to $1,000.00 annually to offset the cost of a single health club membership.

(f.) <u>Parking</u>. Employer will furnish Employee with one paid parking spot at 505 14th Street, Oakland, CA, or at any subsequent location agreed to by Employer and Employee.

(g.) <u>Retention Bonus</u>. Employee shall accrue a retention bonus of $1851.85 for each month of employment that Employee continues to work under this Agreement, through December 2009 (the "Retention Bonus"), which shall be payable (i) in a lump sum on December 31, 2009 if Employee continues to be employed under this Agreement through such date, or (ii) in accordance with paragraph 5(a) below in the event Employee is terminated without cause (as defined below) prior to the end of the Term of Employment; provided, however, that if Employee ceases to be employed by Employer through December 31, 2009 for any reason other than as a result of Employer terminating Employee without cause, Employee shall forfeit the Retention Bonus and shall not receive any portion thereof.

(h.) <u>Stock Options</u>. Employee will be eligible to participate in the MoneyGram International, Inc. 2005 Omnibus Incentive Plan, as amended from time to time (or any successor plan) (the "Stock Plan") and will be granted, as soon as administratively feasible following the Closing, an option to purchase 5,000 shares of common stock of Parent at an exercise price determined in accordance with the Stock Plan and subject in all cases to the terms and conditions of the Stock Plan. Employee will also be eligible for annual grants of stock options under the Stock Plan in accordance with the term and conditions of such Stock Plan and the grant procedures in place from time to time.

4.   **Employee Trade Secret, Confidential Information and Post-Employment Restriction Agreement.** The Employee Trade Secret, Confidential Information and Post-Employment Restriction Agreement set forth at Exhibit A to this Agreement is hereby incorporated by reference and is made a part of this Agreement.

5.   **Termination of Employment by Employer.**

(a.) <u>Without Cause</u>. Employer may terminate Employee's employment without cause at any time prior to the expiration of the Term of Employment set forth in paragraph 1 of this Agreement and upon fifteen (15) days prior written notice to Employee. If Employer so requests, Employee will continue to

*Execution Copy*

perform his duties and be paid his regular compensation up to the date of termination. In addition, conditioned upon Employee's execution of a release, in favor of Employer, of all claims which Employee may have against Employer in connection with Employee's employment and the termination of that employment, Employer will pay Employee (i) severance pay in an amount equivalent to the Base Salary Employee would have earned through the end of the Term of Employment had this Agreement not been terminated; (ii) a pro-rated share of Employee's incentive pay if any, earned under the LOB Plan up to the date of termination, which shall be paid out in accordance with the terms and conditions of the LOB Plan; (iii) the Retention Bonus that would have accrued through the Term of Employment had this Agreement not been terminated; and (iv) for a period of eighteen (18) months or for the remainder of the Term of Employment, whichever is shorter, Employer will reimburse Employee for the difference between the cost of continuing Employee's medical and dental insurance each month through COBRA and the premium Employee would have paid if Employee had remained employed with Employer.

(b.) **With Cause.** Employer may terminate Employee's employment for cause at any time prior to the expiration of the Term of Employment set forth in paragraph 1 of this Agreement and upon written notice to Employee. In the event Employer terminates Employee's employment for cause, Employee shall be entitled to receive his regular compensation up to the date of termination but in no event shall Employee be entitled to any severance pay. For purposes of this paragraph 5(b), the term "cause" means (i) any material breach of this Agreement; (ii) Employee's willful and continued failure to perform the required duties of his position (other than any such failure resulting from incapacity due to physical or mental illness), which failure remains uncured for a period of 30 days after a written demand for performance improvement is delivered to Employee by or on behalf of Parent's Vice President and General Manager, Payment Products which identifies in reasonable detail the manner in which Employer believes that Employee has not performed the required duties of his position; (iii) Employee's conviction of, guilty plea to, or failure to contest a felony or a misdemeanor involving an act or acts of fraud, theft or embezzlement, or (iv) Employee's willful or gross misconduct that is detrimental to the business and/or reputation of Employer (including its parent corporation, subsidiaries and affiliates).

6.  **Termination of Employment by Employee.**

(a.) **Termination for Good Reason.** Employee may terminate his employment for good reason at any time prior to the expiration of the Term of Employment set forth in paragraph 1 of this Agreement and upon fifteen (15) days prior written notice to Employee. If Employer so requests, Employee will continue to perform his duties and be paid his regular compensation up to the date of

termination. In addition, conditioned upon Employee's execution of a release, in favor of Employer, of all claims which Employee may have against Employer in connection with Employee's employment and the termination of that employment, Employer will pay Employee (i) severance pay in an amount equivalent to the Base Salary Employee would have earned through the end of the Term of Employment had this Agreement not been terminated; (ii) a pro-rated share of Employee's incentive pay if any, earned under the LOB Plan up to the date of termination, which shall be paid out in accordance with the terms and conditions of the LOB Plan; (iii) the Retention Bonus that would have accrued through the Term of Employment had this Agreement not been terminated; and (iv) for a period of eighteen (18) months or for the remainder of the Term of Employment, whichever is shorter, Employer will reimburse Employee for the difference between the cost of continuing Employee's medical and dental insurance each month through COBRA and the premium Employee would have paid if Employee had remained employed with Employer. For purposes of this paragraph 6(a), Employee shall have "good reason" to terminate his employment if: (A) there is a material reduction or change in his authority, duties or responsibilities (including Employee being required to report to any individual having a title below that of a Vice President of Parent); (B) there is a material reduction in Employee's Base Salary, unless any such reduction is made in concert with and in an amount not greater than the percentage adjustment mandated as an "across the board" reduction in base salary for all officers of Parent (including its subsidiaries); (C) there is a material reduction in the incentive compensation or retirement benefits to which Employee is entitled pursuant to this Agreement, unless any such reduction is made in concert with and in an amount not greater than the percentage adjustment mandated as an "across the board" reduction for all officers of Parent (including its subsidiaries) or if such reduction is required by law; (D) Employee is required to relocate to a location that would cause his commute to increase by more than 50 miles; or (E) any termination by Employer of Employee's employment other than with cause as provided in this Agreement.

(b.) Termination Generally. In Employer's sole discretion, it may require Employee to perform his duties and be paid his regular compensation up to the date of any termination of employment by Employee. If Employee terminates his employment for any reason, other than for good reason pursuant to Section 6(a) of this Agreement or for a breach of this Agreement by Employer, Employee shall be entitled to receive his regular compensation up to the date of termination, but in no event shall Employee be entitled to any severance pay, pro-rated incentive pay under the LOB, if any, or accrued Retention Bonus.

7.   Officers' and Directors' Insurance. Employee will be covered under any officers' and directors' liability insurance maintained for officers and directors of Parent

or its subsidiaries, for so long as Employee remains an officer of Parent or any of its subsidiaries.

8.    **Effect of Other Agreements.** This Agreement supersedes any prior agreement between Employer (or any predecessor of Employer) and Employee regarding Employee's employment with Employer, except that this agreement shall not affect or operate to reduce any benefit or compensation inuring to Employee of a kind elsewhere provided and not expressly provided for in this agreement.    Notwithstanding the foregoing, this paragraph shall in no way be deemed to limit or modify the obligations of Employee pursuant to that certain Noncompetition Agreement, dated the date hereof, between Employee and Parent.

9.    **Withholding Taxes.** Employer and Parent may withhold from any benefits payable under this Agreement all federal, state, city or other taxes as shall be required pursuant to any law or governmental regulation or ruling.

10.    **No Waiver.** Employer's waiver of any breach of any provision of this agreement by Employee shall not operate or be construed as a waiver of further breach by Employee.

11.    **Severability.** If, for any reason, any provision of this agreement is held invalid, all other provisions of this agreement shall remain valid and in full force and effect.

12.    **Entire Agreement.** This Agreement and any other agreements referenced herein constitute the entire agreement between Employer and Employee regarding Employee's employment with Employer.

13.    **Modification.** This Agreement may only be modified by a writing signed by both Employer and Employee. Oral modifications have no effect.

14.    **Governing Law.** ALL MATTERS RELATING TO THE INTERPRETATION, CONSTRUCTION, VALIDITY AND ENFORCEMENT OF THIS AGREEMENT SHALL BE GOVERNED BY THE INTERNAL LAWS OF THE STATE OF MINNESOTA, WITHOUT GIVING EFFECT TO ANY CHOICE OF LAW PROVISIONS THEREOF. Employer and Employee consent to jurisdiction in Minnesota.

15.    **Survival.** The covenants and agreements set forth in the Employee Trade Secret, Confidential Information and Post-Employment Restriction Agreement referenced in paragraph 4 of this Agreement shall not be discharged or dissolved upon but shall survive termination of this Agreement.  In addition, those other provisions of this Agreement that, by their nature should survive any termination of this Agreement shall not be discharged or dissolved upon but shall survive any termination of this Agreement.

16.    **Further Assistance.** Employee agrees to cooperate with and assist Employer as reasonably requested by Employer, at Employer's expense, in any lawsuit, action,

4813-0600-8321v2

6

litigation, proceeding, claim or dispute with any third party that may arise involving the Business; including, but not limited to, any lawsuit, action, litigation, proceeding, claim or dispute arising from allegations that operation of the Business infringes the patent, trade secret or other intellectual property rights of any third party; provided, however, that if Employee is no longer employed by Employer at the time of such further cooperation and assistance, then Employer shall pay for all expenses, costs and reasonable attorney's fees incurred by Employee in connection with any such lawsuit, action, litigation, proceeding, claim or dispute.

17.     **Notices.** Any notices, demands or other correspondence required or permitted hereunder shall be in writing and shall be deemed to have been given (i) when delivered personally or by a reputable overnight carrier to the party to be notified, or (ii) three (3) days after deposit in a regularly maintained receptacle of a governmental postal service, postage prepaid, registered or certified with return receipt requested, and addressed as follows or as the parties may from time to time designate in writing:

Notices to Employer:

Project Oscar Acquisition, Inc.
1550 Utica Avenue South
Minneapolis, MN 55416
Facsimile No.: 952-591-3859
Attention: General Counsel

with a copy to:

Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
Attention: Mathew J. Knopf
Phone: (612) 340-5603
Facsimile No.: (612) 340-7800

Notices to Employee:

Ryan M. Gilbert
58 Lakeview Avenue
Piedmont, CA 94611
Phone: (510) 655-5335

18.     **Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of Employer, but shall not be assignable by Employee.

19.     **Captions.** The caption headings in this Agreement are for convenience of reference only and are not intended and should not be construed as a part of this Agreement.

20.     **Gender and Number.** This Agreement is to be read with all changes to gender and number required by the context.

4813-0600-8321\2

7

*Execution Copy*

21.    **Jurisdiction; Service of Process.** Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement may be brought against any of the parties in the courts of the State of Minnesota, County of Hennepin, or, if it has or can acquire jurisdiction, in the United States District Court for the District of Minnesota, and each of the parties consents to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein.  Process in any action or proceeding referred to in the preceding sentence may be served on any party anywhere in the world.

22.    **Survival of Obligations.** It is expressly acknowledged and agreed that the obligations of the parties hereunder shall survive the Merger and that, effective as of the closing of the transactions contemplated by the Merger Agreement, the obligations of Employer shall become the obligations of the Surviving Corporation (as defined in the Merger Agreement).  In addition, in the event the legal existence of the Surviving Corporation is extinguished due to the merger of the Surviving Corporation with or into another subsidiary of Parent, the obligations of the Surviving Corporation shall be formally assumed by, and be the legal obligations of, Parent or another subsidiary of Parent.

[signature page follows]

4813-0600-8321\2

8

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates indicated at their respective signatures below.

PROJECT OSCAR ACQUISITION, INC.          Ryan M. Gilbert

By _____          _____

Its _____ President, GPS _____

Date _____ 9/18/07 _____          Date _____

4313-0600-8327\2

*Execution Copy*

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates indicated at their respective signatures below.

PROJECT OSCAR ACQUISITION, INC.          Ryan M. Gilbert

By_____                _____

Its_____

Date_____              Date___9/11/07___

481-846-8310

*Execution Copy*

## EXHIBIT A

### EMPLOYEE TRADE SECRET, CONFIDENTIAL INFORMATION AND POST-EMPLOYMENT RESTRICTION AGREEMENT

[See attachment]

# INTENTIONALLY OMITTED

4813-0600-6321\2

# Exhibit B

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| —Michelle B. Heverly (SBN 178660); Karin M. Cogbill (SBN 244606)<br>LITTLER MENDELSON, P.C.<br>50 West San Fernando Street, 15th Floor<br>San Jose, CA 95113<br>TELEPHONE NO. 408-998-4150    FAX NO *(Optional)*: 408-668-0862<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendant MoneyGram Payment Systems, Inc. | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>APR 0 9 2009<br>CLERK OF THE SUPERIOR COURT<br>By Esther Coleman, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS  1225 Fallon Street
MAILING ADDRESS
CITY AND ZIP CODE:  Oakland, CA  94612
BRANCH NAME:  Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: RYAN M. GILBERT

DEFENDANT/RESPONDENT: MONEYGRAM PAYMENT SYSTEMS, INC., et al.

| GENERAL DENIAL | CASE NUMBER:<br>RG09441037 |
|---|---|

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:
1. The complaint is not verified; *or*
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less),
   BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1. DEFENDANT *(name)*:
   generally denies each and every allegation of plaintiff's complaint.

2. ☒   DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary)*:

   See attached.

BY FAX

Date: April 9, 2009

Karin M. Cogbill                                              ▶  *[signature]*
_____                          _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial:* by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>PLD-050 [Rev. January 1, 2009]

GENERAL DENIAL

Code of Civil Procedure, §§ 431.30, 431.40<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

1

*RYAN M. GILBERT v. MONEYGRAM PAYMENT SYSTEMS, INC., et al.*

2

**Alameda County Superior Court**

3

**Case No. RG09441037**

4

**AFFIRMATIVE DEFENSES**

5   Defendant MoneyGram Payment Systems, Inc. (hereinafter "Defendant") states the

6   following facts as separate affirmative defenses to each of the allegations of Plaintiff Ryan M.

7   Gilbert's Complaint:

8   AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

9   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

10   That the Complaint fails to state a claim upon which relief can be granted.

11   AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

12   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

13   That Plaintiff is barred in equity from recovering on his Complaint, or on any claim

14   contained therein, under the doctrines of unclean hands, estoppel and/or laches.

15   AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

16   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

17   That Plaintiff's Complaint and/or each purported cause of action therein is barred

18   because, to the extent that Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such

19   relief because he has an adequate remedy at law.

20   AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

21   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

22   That Plaintiff's Complaint and/or each purported cause of action therein is barred

23   because Plaintiff failed to take reasonable steps to mitigate his damages, if any.

24   AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

25   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

26   That Plaintiff has engaged in conduct and activities with respect to the subject matter of

27   this dispute by reason of which he has waived any claims or demands, if any, against Defendant.

28

TTLER MENDELSON
PROFESSIONAL CORPORATION
N' San Fernando, 15th Floor
ian Jose, CA 95113.2303
408.998.4150

Firmwide:89209544.1 048587.1016

Case No. RG09441037

1     AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

2   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

3           That Defendant discharged each and every obligation, if any, which it may have owed

4   to Plaintiff, and as such, Defendant owes no duty to Plaintiff.

5     AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

6   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

7           That if Defendant did not fully perform any contractual obligations, which it

8   specifically denies, the duty of full performance under the contract was excused by virtue of the

9   material breach of the contract by Plaintiff.

10     AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

11   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

12           That Plaintiff would be unjustly enriched if allowed to recover on this complaint.

13     AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

14   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

15           That Plaintiff cannot be heard to complain of any breach of any alleged agreement

16   due to the failure of Plaintiff to fully perform under the terms of the alleged agreement.

17           Defendant does not presently know all facts respecting the conduct of Plaintiff

18   sufficient to state all affirmative defenses at this time.  Defendant reserves the right to amend this

19   Answer should they later discover facts demonstrating the existence of additional affirmative

20   defenses.

21           WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

22           1.     For an order dismissing Plaintiff's claims with prejudice, and entering

23   judgment in favor of Defendant and against Plaintiff;

24           2.     For all reasonable costs and attorneys' fees incurred by Defendant in

25   connection with the defense of this matter; and

26   / / /

27   / / /

28   / / /

TTLER MENDELSON
PROFESSIONAL CORPORATION
N. San Fernando, 15th Floor
an Jose, CA 95113.2303
408.998.4150

Firmwide:89209544.1 048587.1016                    2                    Case No. RG09441037

AFFIRMATIVE DEFENSES

1            3.     For such other and further relief as the Court in the exercise of its discretion

2  deems just and proper.

3

4  Dated: April 9, 2009

5

6                           KARIN M. COGBILL

                               LITTLER MENDELSON

7                           A Professional Corporation

                             Attorneys for Defendant

8                           MONEYGRAM PAYMENT SYSTEMS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

Firmwide:89209544.1 048587.1016

3

Case No. RG09441037

AFFIRMATIVE DEFENSES

1  MICHELLE B. HEVERLY, Bar No. 178660
   KARIN COGBILL, Bar No244606
2  LITTLER MENDELSON
   A Professional Corporation
3  50 W. San Fernando, 15th Floor
   San Jose, CA  95113.2303
4  Telephone:   408.998.4150
   Fax No.:      408.288.5686
5
   Attorneys for Defendant
6  MONEYGRAM PAYMENT SYSTEMS, INC.

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 9 2009

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10 RYAN M. GILBERT,                    Case No.  RG 09441037

11          Plaintiff,

12     v.                              **PROOF OF SERVICE**

13 MONEYGRAM PAYMENT SYSTEMS,
   INC.; and DOES 1 THROUGH 35,        BY FAX
14 inclusive,

15          Defendants.

16

17          I am a resident of the State of California, over the age of eighteen years, and not a

18 party to the within action. My business address is 50 W. San Fernando, 15th Floor, San Jose,

19 California 95113.2303. On April 9, 2009, I served the within document(s):

20                 **GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

21
   ☐     by facsimile transmission at or about _____ on that date. This document
22       was transmitted by using a facsimile machine that complies with California Rules
         of Court Rule 2003(3), telephone number 408.288.5686. The transmission was
23       reported as complete and without error. A copy of the transmission report, properly
         issued by the transmitting machine, is attached. The names and facsimile numbers
24       of the person(s) served are as set forth below.

25
   ☒     by placing a true copy of the document(s) listed above for collection and mailing
26       following the firm's ordinary business practice in a sealed envelope with postage
         thereon fully prepaid for deposit in the United States mail at San Jose, California
27       addressed as set forth below.

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Case No. CIV475220

**PROOF OF SERVICE**

1

☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

2

3

☐   by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

4

5

6

7

8

Jonathan Herschel Bornstein            Telephone:  415-409-7611
Kathryn Quetel                         Facsimile:  415-409-9345
Bornstein & Bornstein
507 Polk Street, Suite 320
San Francisco, CA  94105

9       I am readily familiar with the firm's practice of collection and processing

10   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

11   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

12   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

13   thereon fully prepaid in the ordinary course of business.

14       I declare under penalty of perjury under the laws of the State of California that the

15   above is true and correct. Executed on April 9, 2009, at San Jose, California.

16

17

18                                         Yolanda H. Espinoza

Firmwide:89384585.1 048587.1016

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

2.                                     Case No.  CIV475220

**PROOF OF SERVICE**